**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KENNETH HORN,**       ) | FILED: MAY 28, 2009 |
|       ) | |
|      **Plaintiff,**       ) | 09CV3226 |
|       ) | JUDGE KOCORAS |
|      **v.**       ) | MAGISTRATE JUDGE COX |
|       ) | BR |
| **RICKENBACKER COLLECTION SERVICES,** ) | |
|       ) | |
|      **Defendant.**       ) | |

## COMPLAINT

NOW COMES the Plaintiff, KENNETH HORN, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, RICKENBACKER COLLECTION SERVICES, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4.     KENNETH HORN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of South Barrington, County of Cook, State of Illinois.

1

5.      RICKENBACKER COLLECTION SERVICES, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois.  Defendant's principal place of business is located in the State of California.

6.      In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to Roof to Deck Restoration.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV.   <u>ALLEGATIONS</u>

9.      On or about September 24 2008, Defendant sent Plaintiff a letter advising him that it was contacting Plaintiff in order to collect a debt allegedly owed by Plaintiff to Roof to Deck Restoration.

10.      The alleged debt of Plaintiff was incurred primarily for personal, family, or household services.

11.      On or about October 4, 2008, Plaintiff sent Defendant a response the aforementioned correspondence, disputing the debt and delineating specifically the reasons for his dispute of the debt he allegedly owed.

12.      Despite having previously paid half of the debt he allegedly owed Roof to Deck Restoration, Defendant insisted on collecting from Plaintiff the full amount of the original debt.

13.      On or about October 9, 2008, Defendant called Plaintiff at his place of employment.  Plaintiff advised Defendant that he works in a medical facility and he is unable to

accept calls at work.  Despite being so advised, Defendant proceeded to hang up on Plaintiff and immediately call him back on his cell phone.

14.     On or about October 15, 2008, Defendant called Plaintiff subsequent to 9:00 p.m.

15.     Despite the fact that Plaintiff timely disputed the nature and extent of the debt on which Defendant was attempting to collect, Defendant proceeded to report this debt on his credit report.  The debt is not being reported as disputed and appears on Plaintiff's credit report as recent as May 2009.

16.     In its attempts to collect the debt allegedly owed by Plaintiff to Roof to Deck Restoration, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

    a.  Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

    b.  Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

    c.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    d.  Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    e.  Failed to verify the alleged debt by providing the consumer with a copy of the verification obtained by the original creditor in violation of 15 U.S.C. §1692g(b);

    f.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

17.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

18.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KENNETH HORN, by and through his attorneys, respectfully prays for judgment as follows:

a.      All actual compensatory damages suffered;

b.      Statutory damages of $1,000.00;

c.      Plaintiff's attorneys' fees and costs;

d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**KENNETH HORN**

**By:**   s/ David M. Marco
Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us